UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF COLORADO, *et al.*<br><br>              Plaintiffs,<br><br>v.<br><br>GOOGLE LLC<br><br>              Defendant. | Civil Action No. \_\_\_\_-cv-_____ |

**PLAINTIFF STATES' MOTION TO CONSOLIDATE PURSUANT TO RULE 42(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff States move this Court, pursuant to Rule 42(a)(1) of the Federal Rules of Civil Procedure, to consolidate the above-captioned action with *United States et al. v. Google LLC*, 1:20-cv-3010 (D.D.C.) ("DOJ case"). These two cases involve an identical defendant and common issues of law and fact. As a result, judicial efficiency would be served by consolidating the two cases for pre-trial proceedings and trial. If granted, both Complaints would continue to be separate, but the adjudication of both would be consolidated within a single discovery process and adjudication. Undersigned counsel has discussed this Motion with counsel for Google LLC ("Google") and the Department of Justice ("DOJ"). Counsel for Google advised that Google will respond to any Motion to Consolidate after it has had the opportunity to review Plaintiff States' Complaint. DOJ consents to consolidation for purposes of discovery and takes no position on consolidation for trial at this time. LCvR 7(m).

## I. BACKGROUND

The United States and eleven States sued Google LLC for illegal monopoly maintenance in violation of Section 2 of the Sherman Act on October 20, 2020.[1] The DOJ Complaint alleges Google has: (1) willfully maintained and abused its monopoly power in general search services through anticompetitive and exclusionary distribution agreements; (2) willfully maintained and abused its monopoly power in search advertising through anticompetitive and exclusionary distribution agreements; and (3) willfully maintained and abused its monopoly power in general search text advertising through anticompetitive and exclusionary distribution agreements. DOJ Compl. ¶¶ 175, 182, 189. The DOJ's requested relief includes (1) judgment that Google acted unlawfully to maintain monopolies in general search services, search advertising, and general search text advertising; in violation of Section 2 of the Sherman Act; (2) structural relief as needed to cure any anticompetitive harm; (3) an injunction to prevent Google from continuing to engage in the anticompetitive practices described in the DOJ Complaint and any other practices with the same purpose and effect as the challenged practices; and (4) other preliminary or permanent relief necessary and appropriate to restore competitive conditions in the markets affected by Google's unlawful conduct. DOJ Compl. ¶ 194.

Plaintiff States filed the above-captioned action on December 17, 2020. Plaintiff States' Complaint similarly alleges Google has: (1) willfully maintained and abused its monopoly power in general search services through anticompetitive and exclusionary distribution agreements; (2) willfully maintained, abused, and extended its monopoly power in general search advertising through anticompetitive and exclusionary distribution agreements; and (3) willfully maintained,

---

[1] The State of California filed a Motion for Joinder as Plaintiff in the DOJ Case on December 11, 2020.

abused, and extended its monopoly power in general search text advertising through anticompetitive and exclusionary distribution agreements. Plaintiff States further allege that Google's unlawful conduct in these markets includes (1) operating its search advertising marketing tool, SA360, to limit the tool's interoperability with a competitor, disadvantaging SA360 advertisers; and (2) discriminating against specialized vertical providers in certain commercial segments that hinders consumers' ability to find responsive information. Plaintiff States' requested relief includes: (1) judgment that Google acted unlawfully to maintain monopolies in general search services, search advertising, and general search text advertising in violation of Section 2 of the Sherman Act; (2) relief to remove any ability of Google to harm competition by disadvantaging any current, potential, or nascent threat to its monopoly maintenance; (3) an injunction to prevent Google from continuing to engage in the anticompetitive practices described in the Complaint and any other practices with the same purpose and effect as the challenged practices; and (4) other relief necessary and appropriate to restore competitive conditions in the markets affected by Google's unlawful conduct.

## II. THE ACTIONS INVOLVE COMMON QUESTIONS OF LAW AND FACT

Rule 42(a)(1) permits a district court to join for hearing or trial any or all matters at issue in separate actions when they involve "a common question of law or fact." Fed.R.Civ.P. 42(a). The purpose of Rule 42(a) is to "relieve [ ] the parties and the [c]ourt of the burden of duplicative pleadings and [c]ourt orders." *New York v. Microsoft Corp.*, 209 F.Supp.2d 132, 148 (D.D.C. 2002). Actions involving the same parties are appropriate candidates for consolidation. 9 FED. PRAC. & PROC. CIV. 3D § 2384. And courts have found consolidation particularly appropriate "when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009).

Common questions of law and fact abound in the DOJ and Plaintiff States' cases. First, both cases identify Google as defendant. Second, both cases allege Google violated Section 2 of the Sherman Act, 15 U.S.C. § 2, because it illegally maintained its monopoly power in general search services and related search advertising markets. Third, there is considerable overlap in the factual allegations in both Complaints, which means that, if the cases were separate, substantial overlapping discovery would have to be undertaken. Specifically, the States and DOJ both allege that Google uses exclusionary agreements, among other conduct, to resurrect barriers to entry and expansion and foreclose competition in the relevant markets. Finally, both cases seek similar relief from this Court; specifically, that Google be enjoined from continuing to engage in the anticompetitive practices described in the Complaints and to enter relief to restore competitive conditions in the relevant markets affected by Google's conduct. This case is therefore particularly appropriate for consolidation.

### III. CONSOLIDATION WILL PROVIDE CONSISTENCY, EFFICIENCY AND CONVENIENCE TO THE PARTIES AND THE COURT

Consolidation is within the broad discretion of the trial court. *Am. Postal Workers Union v. U.S. Postal Svc.*, 422 F.Supp.2d 240, 245 (D.D.C. 2006). In exercising that discretion, the court considers "the time and effort that consolidation would conserve against any inconvenience, delay or expense that consolidation would cause for the parties or for the court." *Hanson*, 257 F.R.D. at 22. The court must also consider the risk of inconsistent rulings on common factual and legal questions. *National Ass'n of Mortg. Brokers v. Board of Governors of Federal Reserve System*, 770 F.Supp.2d 283, 286 (D.D.C. 2011).

Under the circumstances present here, consolidation offers efficiency and convenience. Consolidation will result in one discovery process and one trial. This will save time and avoid unnecessary costs to Defendant Google, the government plaintiffs in both actions, witnesses who

would otherwise be required to testify in both cases, and this Court. Both cases are in their nascent stages, and any prejudice caused by delay in consolidation will be insignificant. *Hanson*, 257 F.R.D. at 22.

## IV. CONCLUSION

Plaintiff States request this Court grant their Motion to Consolidate this action with the DOJ case and enter the Proposed Order. The Plaintiff States request that the Court retain the two separate complaints but consolidate the actions for purposes of pre-trial proceedings and trial.

Respectfully submitted,

Dated: December 17, 2020

By: _____/s/ Jonathan B. Sallet_____

Jonathan B. Sallet, Esq. (D.C. Bar No. 336198)
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: 702-608-6000
Email: jon.sallet@coag.gov
*Attorney for Plaintiff State of Colorado*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of December 2020, I served the foregoing on the following counsel via electronic mail:

John E. Schmidtlein
WILLIAMS & CONNOLLY LLP
725 12th St. NW
Washington, DC 20005
(202) 434-5000
Fax: (202) 434-5029
Email: jschmidtlein@wc.com

Susan A. Creighton
WILSON SONSINI GOODRICH & ROSATI, PC
1700 K Street, NW
5th Floor
Washington, DC 20006
202-973-8800
Email: screighton@wsgr.com

Benjamin M. Greenblum
WILLIAMS & CONNOLLY LLP
725 12th St. NW
Washington, DC 20005
(202) 434-5919
Fax: (202) 434-5029
Email: bgreenblum@wc.com

Colette Connor
WILLIAMS & CONNOLLY LLP
725 12th Street NW
Washington, DC 20005
202-434-5170
Email: cconnor@wc.com

Franklin M. Rubinstein
WILSON SONSINI GOODRICH & ROSATI
1700 K Street, NW
5th Floor
Washington, DC 20012
(202) 973-8800
Email: frubinstein@wsgr.com

Mark Samuel Popofsky

6

ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington, DC 20006
(202) 508-4624
Fax: (202) 383-9377
Email: mark.popofsky@ropesgray.com

*Counsel for Google*

Kenneth Michael Dintzer
U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington
202-307-0340
Email: kenneth.dintzer2@usdoj.gov

Michael Glenn McLellan
U.S. DEPARTMENT OF JUSTICE
450 5th Street NW
Suite 7616
Washington
Washington, DC 20530
202-271-8638
Fax: 202-271-8638
Email: michael.mclellan@usdoj.gov

Chaim Alexander Cohen
U.S. DEPARTMENT OF JUSTICE
450 Fifth Street NW
Washington, DC 20530
347-244-2502
Email: alex.cohen@usdoj.gov

Elizabeth Skjelborg Jensen
U.S. DEPARTMENT OF JUSTICE
450 Golden Gate Ave
Suite 10-0101
San Francisco, CA 94102
415-583-9211
Email: Elizabeth.Jensen@usdoj.gov

Jesus Manuel Alvarado-Rivera
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
450 5th St NW
Washington, DC 20530

202-598-8325
Email: jesus.alvarado-rivera@usdoj.gov

Ryan M. Sandrock
U.S. DEPARTMENT OF JUSTICE
Antitrust Division
450 Golden Gate
San Francisco, CA 94102
202-316-6905
Email: ryan.sandrock@usdoj.gov

*Attorneys for United States Department of Justice*

R. S. Palmer
FL ATTORNEY GENERAL
Pl-01 The Capitol
Tallahassee, FL 32399-1050
850-414-3847
Fax: 850-488-9134
Email: scott.palmer@myfloridalegal.com

*Attorney for State of Florida*

Elisabeth Hart Pepper Martin
OFFICE OF THE ATTORNEY GENERAL/MS
Consumer Protection
550 High Street
Jackson, MS 39201
601-359-4223
Email: hart.martin@ago.ms.gov

*Attorney for State of Mississippi*

Mark W Mattioli
MONTANA DEPARTMENT OF JUSTICE
Office of Consumer Protection
P.O. Box 200151
Helena, MT 59620-0151
406-444-2026
Fax: 406-442-1894
Email: mmattioli@mt.gov

*Attorney for State of Montana*

Rebecca McCormack Hartner
OFFICE OF THE ATTORNEY GENERAL/SC

8

1000 Assembly Street
P.O. Box 11549
Columbia, SC 29211-1549
803-734-5855
Email: rhartner@scag.gov

*Attorney for State of South Carolina*

Bret Fulkerson
TEXAS ATTORNEY GENERAL
300 W. 15th St.
Austin, TX 78701
512-517-5184
Email: bret.fulkerson@oag.texas.gov

Kim Van Winkle
OFFICE OF THE ATTORNEY GENERAL/TX
300 W. 15th St.
Austin, TX 78701
512-463-1266
Email: kim.vanwinkle@oag.texas.gov

Kelsey Paine
TEXAS ATTORNEY GENERAL
300 W. 15th St.
Austin, TX 78701
512-936-1847
Email: kelsey.paine@oag.texas.gov

*Attorneys for State of Texas*

                                                                           */s/ Jonathan B. Sallet*
                                                                          Jonathan B. Sallet
                                                                          *Attorney for Plaintiff State of Colorado*