IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| State of Colorado, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendant. | Case No. 1:20-cv-03715-APM <br><br> HON. AMIT P. MEHTA |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFFS' MOTION TO CONSOLIDATE**

Defendant Google LLC ("Google") hereby submits its response to the motion of Plaintiffs State of Colorado, et al. to consolidate the above-captioned case with *United States, et al. v. Google LLC*, No. 1:20-cv-03010-APM (the "DOJ Action") pursuant to Rule 42(a)(1) of the Federal Rules of Civil Procedure (the "Motion to Consolidate") (ECF 5).

Google agrees that consolidation of this case with the DOJ Action is appropriate for pretrial purposes, including discovery and all related proceedings, but the Plaintiffs' request to consolidate their case with the DOJ Action for trial is premature and should be denied without prejudice. Accordingly, Google respectfully requests that the Court enter the enclosed order consolidating this case with the DOJ Action for pretrial purposes while reserving on the question of whether a consolidated trial is appropriate.[1]

---

[1] According to the Plaintiffs, the "DOJ consents to consolidation for purposes of discovery and takes no position on consolidation for trial at this time." Motion to Consolidate at 1.

1

### A.  Google Agrees the Actions Should Be Consolidated for Pretrial Purposes.

Based on the allegations in the Plaintiffs' Complaint (ECF 3), it is apparent that this case and the DOJ Action "involve a common question of law or fact," such that the Court may exercise its discretion to "consolidate the actions" and "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see En Fuego Tobacco Shop LLC v. FDA*, 356 F. Supp. 3d 1, 9 (D.D.C. 2019) (observing that "[d]istrict courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases"). It will be far more efficient for the Court, the parties, and non-party witnesses if discovery is coordinated across these two cases, and consolidation will further that objective. *See Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014) (explaining that "[i]n considering whether to consolidate actions," a court should consider, among other things, "whether judicial efficiency is best served by consolidation").

Consistent with the Court's direction at the December 18, 2020 status conference in the DOJ Action and the Court's subsequent Minute Order, Google is in the process of conferring with the Plaintiffs regarding application of the Stipulated Protective Order (DOJ Action ECF 84), the Scheduling and Case Management Order (DOJ Action ECF 85), and the Stipulation and Order Regarding Discovery Procedure (DOJ Action ECF 86) to the present case. Google and the Plaintiffs will file a report on January 19, 2021 summarizing the status of those discussions. *See* Dec. 18, 2020 Status Conf. Tr. at 66:10–16 (noting that the Court will "hold off on entering a consolidation order with respect to discovery until [the Court] hear[s] further from [the parties]" and that "if there's no objection to the scope or the terms of the protective order, then what [the Court] would propose to do is simply enter an order consolidating discovery and then subject all of the parties in the Colorado case to the protective order that's been formulated in the *U.S. v. Google* case").

### B.  Consolidation for Trial Is Premature at This Early Stage.

Although these cases should be consolidated for pretrial purposes, the Plaintiffs' request for a consolidated trial is premature, and the Court should wait until after the close of discovery and summary judgment to address that issue. The Plaintiffs allege that they are asserting "additional claims" and "a broader range of … conduct" than the plaintiffs in the DOJ Action. Compl. (ECF 3) ¶ 17; *see also id.* ¶ 56 n.3 (observing that the "search advertising market defined in the DOJ Complaint" is different from the "general search advertising market" alleged by the Plaintiffs). Evaluating the extent to which any differences in claims or evidence require separate trial proceedings should be made after the Court assesses whether such claims (and the DOJ's claims) survive summary judgment.

Under these circumstances, the Court can and should consolidate the cases for pretrial purposes, including discovery and all related proceedings, while reserving judgment on whether to consolidate them for trial. *See, e.g.*, *In re First Databank Antitrust Litig.*, 205 F.R.D. 408, 409 (D.D.C. 2002) (noting that the court "consolidated the eight private actions for pretrial purposes pursuant to Fed. R. Civ. P. 42(a)"); *Eastman Chem. Co. v. AlphaPet Inc.*, Nos. 09-cv-971-LPS-CJB & 11-cv-702-LPS, 2011 WL 7121180, at *9 (D. Del. Dec. 29, 2011) (concluding that two "cases should be consolidated solely for pretrial purposes" and "declin[ing] to rule on whether the cases should be consolidated for purposes of trial" in view of "the many contingencies that could occur over the intervening months that might impact whether these cases should be tried jointly or separately"); *Bruce Foods Corp. v. SK Foods, LP*, Nos. 2:09-cv-00027-MCE-EFB, et al., 2009 WL 10691163, at *2 (E.D. Cal. Mar. 12, 2009) (consolidating four antitrust cases "for pretrial purposes only" and explaining that "the Court need not adjudicate at this time whether complete consolidation should be ordered" because "consolidation for all purposes may be inappropriate should discovery reveal circumstances making a joint trial unfeasible" and "there is

3

no downside for deferring any final decision on complete consolidation until more complete information is obtained").

For these reasons, Google respectfully requests that the Court enter the enclosed order consolidating this case with the DOJ Action for pretrial purposes and denying the Plaintiffs' request to consolidate the cases for trial without prejudice to renewing it after the close of discovery and summary judgment.

Dated: December 31, 2020

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
725 12th Street, NW
Washington, DC 20005
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
mark.popofsky@ropesgray.com

*Counsel for Defendant Google LLC*